# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KERON D. SIMPSON,

        Petitioner,        :      Case No. 3:17-cv-299

  - vs -                          District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

WARDEN,
  Lebanon Correctional Institution,

                              :

        Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations (ECF No. 18) recommending the Petition be dismissed with prejudice. Judge Rose has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 20).

Simpson pleads two grounds for relief:

> **Ground One:** Petitioner's right to counsel guaranteed by the Sixth Amendment was violated at trial.
>
> > **Sub-claim A:** Trial Counsel failed to investigate and secure an expert evaluation of Petitioner's mental health status.
> >
> > **Sub-claim B:** Trial counsel failed to investigate and obtain expert assistance on eyewitness identification and witness perception.
>
> **Ground Two:** Petitioner's right to a fair trial was violated by the admission of an unfair eye witness identification [procedure was violated].

1

(Corrected Petition, ECF No. 2, PageID 30-31.)

**Procedural History**

Simpson seeks relief from his April 2012 convictions in Case No. 2010 CR 4101 in the Montgomery County Common Pleas Court for the theft of two motor vehicles, felonious assault, aggravated robbery, and a firearm specification (State Court Record, ECF No. 12, Ex. 9). Simpson appealed to the Second District Court of Appeals which affirmed. *State v. Simpson*, 2013-Ohio-1696, 2013 Ohio App. LEXIS 1585 (2nd Dist. Apr. 26, 2013)("*Simpson Direct*"). Simpson did not appeal further to the Ohio Supreme Court.

However, he did file a petition for post-conviction relief under Ohio Revised Code § 2953.21 which the trial court dismissed on the State's motion for summary judgment. Simpson appealed to the Second District which affirmed. *State v. Simpson*, 2016-Ohio-1268, 61 N.E. 3d 894, 2016 Ohio App. LEXIS 1338 (2nd Dist. Mar. 25, 2016), appellate review declined, 146 Ohio St. 3d 1490 (2016)("*Simpson PC*").

Simpson, who is assisted by appointed counsel, raises five objections to the Report which will be discussed *seriatim*.

**Objection One: Whether Simpson Raised His Claim of Incompetence to Stand Trial in the State Courts**

The Report concluded Simpson had not raised in the state courts a claim that he was incompetent to stand trial (ECF No. 18, PageID 1989-90[1]). Without offering a record citation,

---
[1] The Objections cite these two pages of the Report as "pages 9 and 10." (Objections, ECF No. 19, PageID 1994). The Order for Answer in this case requires that all filings make record references by citing the PageID number as

Simpson objects that "the Magistrate Judge ignores the fact that Simpson did in fact challenge the voluntariness of his plea in the Ohio courts during his post-conviction litigation." (ECF No. 19, PageID 1994). To prove that point, Simpson cites to his post-conviction claim that his counsel provided ineffective assistance of trial counsel by failing to investigate whether or not he was competent. But those are not the same claim. That is, claiming to be incompetent is not the same as claiming one's attorney was ineffective for not investigating one's incompetence.

Simpson is correct in asserting that competence to stand trial encompasses competence to consult with counsel, since consulting with counsel is an important part of what a defendant must be able to do at trial. "[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" *Dusky v. United States*, 362 U.S. 402 (1960), *accord, Drope v. Missouri*, 420 U.S. 162, 171 (1975). In *Godinez v. Martin*, 509 U.S. 389 (1993), the Supreme Court held that the same standard applied to determining competence to plead guilty. Simpson concludes from this that "[t]here is no way the state courts could have parsed out competency to assist counsel from competency to stand trial. Thus reliance [by the Magistrate Judge] on the state finding of waiver as to this issue is misplaced." (Objections, ECF No. 19, PageID 1995.)

But this is **not** the distinction the state court made. Instead, the Second District distinguished, as the Report does, between a claim of ineffective assistance of trial counsel for failure to obtain a mental evaluation – a claim Simpson did make in post-conviction – from a claim of incompetence – a claim both the Common Pleas Court and the Second District found Simpson did not make. *State v. Simpson*, 2016-Ohio-1268, ¶ 8 (Ohio App. 2nd Dist. Mar. 25, 2016). If the claim of incompetence to stand trial or to plead guilty was actually made in the

provided by the Court's electronic filing system (ECF No. 5, PageID 88).

state court, Simpson should be able to cite the place in the record where the claim was made, but he has not done so.

**Objection Two: Asserted Application of Incorrect Statutory Standard**

The Report concluded that the Second District Court of Appeals' rejection of Simpson's claim of ineffective assistance of trial counsel for failure to investigate his mental status was not an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), "and thus is entitled to deference under 28 U.S.C. § 2254(d)(1)." (Report, ECF No. 18, PageID 1990.)

Simpson objects that the correct standard of review is provided by 28 U.S.C. § 2254(d)(2) as enunciated in *Hill v. Anderson*, 881 F.3d 483 (6th Cir. 2018). Although Simpson's Reply cited *Hill*, it nowhere claimed the state courts' decision violated § 2254(d)(2. Moreover, § 2254(d)(2) applies only when the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented." Simpson's argument in his Reply was that the Second District had made an "unreasonable application of [the correct legal standard] to the facts of his case." That is an argument under § 2254(d)(1) which speaks to unreasonable application of clearly established Supreme Court precedent. Nowhere in the Reply does Simpson specify a factual finding that he contends is unreasonable in light of the evidence.

**Objection Three:  Inability to Show Prejudice Without State-Funded Experts**

The state trial court and the Second District both found that Simpson had not shown prejudice from trial counsel's failure to employ experts because he had not shown what the content of their testimony would have been and that it would have changed the result.  Simpson objects that he asked the post-conviction court to give him funds to hire such experts and was denied those funds because there is no constitutional right to them.  His apparent argument is that, because he had a right to appointed counsel at trial, he also has the derivative right to attempt to prove that counsel was ineffective, also at state expense.  But that is simply not the law.  There is not even a constitutional right to effective assistance of counsel in post-conviction.  The Supreme Court was careful to maintain that point in *Martinez v. Ryan*, 566 U.S. 1 (2012), where it found instead an equitable exception to procedural default doctrine when post-conviction counsel failed to raise a substantial ineffective assistance of trial counsel claim.

There is no doubt that the burden of proving the prejudice prong of an ineffective assistance of trial counsel claim is on the defendant and it is difficult to see how a failure to call an expert could be shown to be ineffective assistance without showing what the expert would have testified to.

**Objection Four:  Supposedly Waived Defense**

In addition to the omitted mental health experts, Simpson accused trial counsel of ineffective assistance for failure to call an expert on the possible deficiencies in eyewitness identification testimony.  The Second District rejected the claim because Simpson failed to show

what such an expert would have testified to and how it would have affected the outcome. *Simpson PC*, 2016-Ohio-1268 at ¶ 10. The Report concluded the Second District's decision was entitled to deference even though Respondent had not argued the point in the Return of Writ (ECF No. 18, PageID 1991).

Petitioner had cited *Reeves v. Campbell*, 708 Fed. Appx. 230 (6th Cir 2017), for the proposition that "[t]his Court **may** consider whether Respondent's failure to substantively address the ineffective assistance of counsel claim itself constitutes a waiver." (ECF No. 17, PageID 1979, emphasis supplied.) The Magistrate Judge chose not to treat Respondent's failure as a waiver, but cited *Reeves* as having been raised by Petitioner (ECF No. 18, PageID 1991).

Simpson objects and treats *Reeves* as a clear statement of the law (Objections, ECF No. 19, PageID 1997). But *Reeves*, as an unpublished decision, is not the controlling law. In *Day v. McDonough*, 547 U.S. 198 (2006), the Supreme Court upheld *sua sponte* raising a statute of limitations defense even after filing of the answer which did not raise it. *See also Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). In *Wood v. Milyard*, 566 U.S. 463 (2012), the Court held even the courts of appeals have authority to consider a forfeited timeliness defense *sua sponte*. It is the state court decision that we are reviewing in habeas, not just the thoroughness of a federal pleading.

**Objection Five: Procedural Default of Unreliable Witness Identification Claim**

In his Second Ground for Relief, Simpson claims he was convicted on the basis of a constitutionally unreliable eyewitness identification. Simpson sought unsuccessfully to suppress that identification and raised denial of that motion on direct appeal, but never appealed further to

6

the Ohio Supreme Court. On that basis the Report concluded the claim was procedurally defaulted (ECF No. 18, PageID 1991-92).

Simpson objects that "this claim rises and falls on ineffective assistance, which was not within the direct review record." (Objections, ECF No. 19, PageID 1998.) Not so. A failure to appeal directly to the Ohio Supreme Court cannot be excused by ineffective assistance of counsel because there is no constitutional right to assistance of counsel on discretionary appeal. Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna*, 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner*, 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 28, 2018.

                                                     s/ *Michael R. Merz*
                                                     United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).